**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SCOTT PHILLIP LEWIS,

                Plaintiff,

- v -                                Civ. No. 8:24-CV-68
                                                    (BKS/DJS)
REDLINE HOCKEY, LLC d/b/a USA HOCKEY
STORE AND USA SPIRIT SHOP, _et al._,

                Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

SCOTT PHILLIP LEWIS
Plaintiff _Pro Se_
Lake Placid, New York 12946

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e).  Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed _in forma pauperis_ ("IFP").  Dkt. No. 2, IFP App.  The Complaint alleges violations of the Americans with Disabilities Act ("ADA"), New York Civil Rights Law section 50, and defamation.  Compl. at ¶¶ 24-43.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

# I. SUFFICIENCY OF THE COMPLAINT

## A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff alleges that in December 2021 he began working part-time for Defendant Redline Hockey at the USA Hockey Store in Lake Placid, New York. Compl. at ¶ 9. Plaintiff alleges at the time he was undergoing treatment for a variety of medical issues and that Defendants were aware of his condition. *Id.* at ¶¶ 10 & 12. He alleges

3

that he then experienced significant harassment in the workplace, including the use of store video surveillance to monitor and mock Plaintiff. *Id.* at ¶¶ 12-14.

### C. Analysis of the Complaint

*1. Americans with Disabilities Act*

The Court recommends that the ADA claim be dismissed, with leave to amend. Plaintiff's Complaint alleges discrimination regarding Plaintiff's employment with Defendants. Compl. at ¶ 24. A prerequisite to an employment discrimination claim under the ADA is the filing of a timely charge of discrimination with the Equal Employment Opportunity Commission. *Riddle v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011); *Momot v. Dziarcak*, 208 F. Supp. 3d 450, 458 (N.D.N.Y. 2016). "It is well established that a plaintiff must file a charge of discrimination with the EEOC and obtain a right to sue letter from the EEOC before proceeding in federal district court." *Garcia v. Coca-Cola Bottling Co. of New York*, 1998 WL 151032, at *2 (S.D.N.Y. Mar. 31, 1998). The Complaint does not allege that Plaintiff filed a discrimination complaint with the EEOC and does not provide a copy of a right to sue letter. On that basis, the ADA claim should be dismissed. *Pearson v. Renaissance Hotel Albany,* 2017 WL 8751935, at *2 (N.D.N.Y. Nov. 15, 2017), *report and recommendation adopted*, 2018 WL 1631306 (N.D.N.Y. Apr. 2, 2018).

*2. New York Civil Rights Law section 50*

Plaintiff's second claim alleges his rights under Civil Rights Law section 50 were violated by "allowing unfiltered access to the footage of the cameras." Compl. at ¶ 34.

> New York law recognizes only a limited statutory right of privacy under New York Civil Rights Law §§ 50 and 51. Civil Rights Law §§ 50 and 51 were drafted narrowly to encompass only the commercial use of an individual's name or likeness and no more. A plaintiff complaining of invasion of privacy must prove: (1) use of plaintiff's name, portrait, picture or voice (2) for advertising purposes or for the purposes of trade (3) without consent and (4) within the state of New York.

*Farmer v. Dr. Lucia Patino, Optometrist, P.C.*, 2019 WL 110956, at *6 (E.D.N.Y. Jan. 4, 2019) (internal quotations and citations omitted). The Complaint fails to allege facts that would support a claim under section 50. While he alleges that video surveillance cameras in the store were used to film him, he does not allege that his name, portrait, or voice was used for any advertising purposes. *See generally* Compl. In fact, he specifically avers that the footage was used for the entertainment of the employees. *Id.* at ¶ 36. Absent such allegations, dismissal is required. *Eggsware v. Winfrey*, 2022 WL 715556, at *2 (N.D.N.Y. Mar. 10, 2022), *report and recommendation adopted*, 2022 WL 899746 (N.D.N.Y. Mar. 28, 2022).

*3. Defamation*

Finally, Plaintiff alleges that Defendant Matthew Nyman defamed him by saying that Plaintiff had "harassed" him. Compl. at ¶ 39.

> Under New York law a [libel] defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff,

5

(2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability. In addition, [u]nder New York law, to state a cause of action for slander, the plaintiff must allege facts plausibly suggesting (1) a defamatory statement of fact, (2) that is false, (3) published to a third party, (4) of and concerning the plaintiff, (5) made with the applicable level of fault on the part of the speaker, (6) that causes either special harm or constitutes slander per se, and (7) that is not protected by privilege.

*MacInerney v. Allen*, 2022 WL 561649, at *6 (N.D.N.Y. Feb. 24, 2022) (internal quotations and citations omitted). "In assessing whether a defamation claim has been plead with sufficient particularity, courts look to whether said complaint references the alleged defamatory statement, identifies who made the statement, when it was made, the context in which it was made, whether it was made orally or in writing and whether it was made to a third party." *Bloom v. Fox News of Los Angeles*, 528 F. Supp. 2d 69, 74 (E.D.N.Y. 2007) (internal quotations omitted). Plaintiff's brief allegations fail to plead these claims with this level of specificity. Dismissal, therefore, is recommended as to this claim as well.

### 4. Leave to Amend

"[A] court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Each of the deficiencies identified above could potentially be rectified by more detailed pleading and so the Court recommends

that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend. Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety the previous Complaint filed by Plaintiff. If this recommendation is accepted and Plaintiff is permitted to amend his Complaint, Plaintiff is further warned that the failure to submit an amended complaint could result in dismissal of this action.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

& 6(a).

Date:  February 20, 2024
       Albany, New York

_/s/ Daniel J. Stewart_
Daniel J. Stewart
U.S. Magistrate Judge